Louis E. Libby *vs*. Amos Heikkinen.

Arolyn Libby *vs*. Amos Heikkinen.

Androscoggin.    Opinion, June 17, 1943.

*Frank W. Linnell,*

*John G. Marshall,* for the plaintiffs.

*Harry M. Shaw,*

*Robert B. Dow,* for the defendant.

Sitting: Sturgis, C. J., Thaxter, Hudson, Manser, Murchie, Chapman, JJ.

Murchie, J.   In these cases, tried and argued together, the defendant, on general motions for new trial, seeks to set aside jury verdicts of $500 for Louis E. Libby and $643.75 for Arolyn Libby, his wife.

The actions relate to a collision between the automobile of Louis E. Libby, operated by his wife, and one driven by the defendant at a five-road intersection in the town of Mechanic

Falls. The verdict for Louis E. Libby covers property damage, medical and hospital expense incident to the care of his wife, and loss of consortium. The verdict for Arolyn Libby relates to personal injuries.

The accident occurred in broad daylight on a clear January day. Both cars were traveling on straight roads having tarvia surfaces twenty feet in width, with shoulders of three feet or more outside the tarred surface on each side. The Libby car was proceeding westerly on a highway running generally east and west and that of the defendant northerly on one running generally north and south. A growth of soft-wood timber in the angle between the two highways at the point of intersection restricted to some extent the views of both drivers of the particular section of road each was approaching at the point where the other car was traveling.

On the facts developed several sections of the law of the road might be considered important. These relate to both speed and rights of way but it is not contended that the jurors were not properly instructed as to the applicable law. There was conflicting testimony as to the speeds of the respective cars approaching the intersection, as to the exact manner and position in which they came into contact with each other, as to their positions when they came to rest after the collision, and as to whether or not the Libby car came to a stop either before entering the intersection or before, and how long before, the instant of the impact. These questions were very distinctly issues of fact to be resolved by the jury and the evidence given by the plaintiff Arolyn Libby, if believed by the jurors, as we must assume it was believed, was more than sufficient to justify findings that the defendant was negligent and that she, as the operator of the Libby car, was in the exercise of due care. It is unnecessary to cite authorities for the principle of law that under such circumstances the mandate is each case must be

*Motion overruled.*